Morton B. Silberman, J.
These are motions and cross motions for summary judgment (CPLR 3212) in an action to foreclose a mechanic’s lien.
The Equitable Life Assurance Society of The United States (hereinafter "Equitable”) had previously commenced an action to foreclose certain building loan mortgages affecting real property owned by Barney Construction Co., Inc. (hereinafter "Barney”). Warriner Smith Util., Inc. (hereinafter "Warriner”), was a defendant in that action because it had filed a mechanic’s lien against the mortgaged premises. Warriner’s answer alleged a counterclaim seeking foreclosure of its mechanic’s lien. The same relief is sought in the within action. Warriner alleges that its mechanic’s lien, although subsequent in time, is superior to Equitable’s mortgages by reason of alleged violations by Equitable of section 22 of the Lien Law. Equitable’s two mortgages were recorded prior to the filing of Warriner’s mechanic’s lien. Warriner contends that Equitable’s mortgage must, nevertheless, be subordinated, because the borrower’s statements filed in connection therewith materially overstated "the net sum available to the borrower for the improvement” (Lien Law, § 22; see, also, HNC Realty Co. v Golan Hgts. Developers, 79 Misc 2d 696).
Warriner’s contention clearly cannot be sustained with respect to the first of Equitable’s two mortgages. The borrower’s statement filed with the first mortgage states as follows: "after the payment of the cost and expense of the Loan as above set forth, and of encumbrances and liens existing against the premises described in this Land and Land Development Loan Agreement, which include sums paid to dis *140 charge prior existing mortgage or mortgages or other liens, taxes, assessments and water and sewer rents, the net sum available to the Borrower for the improvement will be NO Dollars * * * [emphasis added].” Certainly, the net sum available to the borrower cannot be less than "NO Dollars.” Therefore, there was not, and could not be, any overstatement with respect to Equitable’s first mortgage. The first of Equitable’s two mortgages is, therefore, clearly superior to Warriner’s subsequently filed mechanic’s lien.
Turning to Equitable’s second mortgage, the borrower’s statement filed therewith states that the net sum available to the borrower for the improvement is $4,094,136. Warriner contends that the foregoing is a material overstatement (a) because under the terms of the building loan agreement, Equitable was required to advance no more than $550,400 unless and until Barney’s condominium offering plan was approved by the Attorney-General and a declaration of condominium was filed and (b) because under the terms of the building loan agreement, Equitable was required, in no event, to advance more than $3,150,000 unless and until Barney furnished Equitable with a satisfactory commitment by a lending institution for long-term financing of the condominium units to be constructed.
In my judgment, a borrower’s statement is not rendered materially false by the failure to set forth therein any or all contingencies under which the borrower will not be obligated to advance the entire amount set forth as the net sum available to the borrower for the improvement. To the contrary, the lender and the borrower fulfill their obligations under section 22 of the Lien Law where, as in the present case, the building loan agreement filed with the borrower’s statement fully discloses those contingencies. I conclude, as a matter of law, that Equitable did not violate the provisions of section 22 of the Lien Law.
Warriner’s motion for summary judgment is denied as against Equitable and is granted as against Barney, which has not opposed the motion. Warriner shall have judgment against Barney for the sum of $16,180.10, with interest, representing the amount of its lien, together with the costs and disbursements of the action as taxed by the clerk. Equitable’s cross motion is granted in all respects.